**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HELEN DIANE MATZ,

      Plaintiff,

vs.                                  Case No.  3:25-cv-397-MMH-LLL

EARLONDEZ DONTA BOND and
MCCORMICK TRUCKING, INC.,

      Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court on Defendants' Earlondez Donta Bond

and McCormick Trucking Inc.'s Joint Motion for Fraud on the Court (Doc. 75;

Motion), filed March 2, 2026. Plaintiff filed her Response to Defendants' Joint

Motion for Fraud on the Court (Doc. 89; Response) on March 16, 2026.

Accordingly, this matter is ripe for review.

On March 12, 2025, Plaintiff initiated this action by filing a complaint in

state court, asserting claims arising out of a motor vehicle accident that

occurred on March 14, 2022. See generally Complaint (Doc. 1-1). Defendant,

McCormick Trucking, Inc., removed the action from state court to this Court on

April 14, 2025. See Notice of Removal (Doc. 1). With leave of Court, Plaintiff

amended her complaint on June 24, 2025. See Amended Complaint (Doc. 39).

The parties then proceeded through discovery, which closed on February 9, 2026. See Amended Case Management and Scheduling Order (Doc. 71), entered January 12, 2026. Now, in the Motion, Defendants contend that Plaintiff intentionally hid her pre-accident medical history from her post-accident medical providers, Defendants, and her own expert witness. See Motion at 11. Indeed, according to Defendants, Plaintiff repeatedly denied any history of, or treatment for, back and knee pain prior to the date of the accident. Id. at 11–12. Yet, Plaintiff's medical records show that she suffered from low back and right knee pain "for years before the subject incident." Id. at 13. As such, Defendants seek dismissal of Plaintiff's claims with prejudice for perpetrating a fraud on the Court. Id. at 16. In the Response, Plaintiff asserts that, while she may have been inaccurate at times, the record demonstrates a lack of understanding, confusion, and potential memory issues, rather than an intent to defraud the Court. See Response at 9. Upon review, the Court concludes that the Motion is due to be denied without prejudice.

"In the Middle District, 'there is no question that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court.'" Idearc Media Corp. v. Kimsey & Assocs., P.A., No. 8:07-CV-1024-T-17EAJ, 2009 WL

928556, at *3 (M.D. Fla. Mar. 31, 2009) (citations omitted).[1] Nevertheless,

> [d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Such a dismissal is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct.

Id. (citations omitted). "It has long been the law of [the Eleventh Circuit] that fraud on the court must be established by clear and convincing evidence." Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840 (11th Cir. 2014)[2] (citing Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Id. (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). The Eleventh Circuit has "consistently held that a fraud between parties is not fraud on the court." Patterson v. Lew, 265 F. App'x 767, 769 (11th Cir. 2008)). Indeed, "[t]he mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court." Gupta,

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

556 F. App'x at 840–41.

Here, Defendants allege that Plaintiff withheld pertinent facts and made false statements regarding her pre-accident medical history in her deposition testimony, to her medical providers, and to her own expert witness. See Motion at 11.  However, even if Plaintiff intentionally "sought to hide her pre-accident medical history," see id., Plaintiff's conduct does not rise to the level of perpetrating a fraud on the court. See S.E.C. v. ESM Grp., Inc., 835 F.2d 270, 273 (11th Cir. 1988) (noting that even "perjury . . . does not constitute fraud upon the court." (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)); see also Bryant v. Troutman, No. 3:05 CV-162-J-20MCR, 2006 WL 1640484, at *1, *2 (M.D. Fla. June 8, 2006) (holding that "lying under oath, giving misleading answers under oath, thwarting Defendants' discovery, and concealing the existence and/or extent of both prior and subsequent injuries" did not amount to fraud on the court); see also McCarthy v. Am. Airlines, Inc., No. 07-61016-CIV, 2008 WL 2517129, at *2 (S.D. Fla. June 23, 2008) (finding that the plaintiff's failure to disclose treating physicians, a prior injury, and treatment in connection with that injury did not warrant the "extreme sanction of dismissal"); see also Bassett v. Wal-Mart Stores E., LP, No. 18-61984-CIV, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019) (finding dismissal for fraud on the court unwarranted where the plaintiff allegedly misrepresented "her history of injuries and pain," "her prior physicians and medical history," and

"her prior personal injury claims" in her deposition and interrogatories). Moreover, the Court notes that Plaintiff is not alleged to have lied to the Court, at least not yet. And Defendants do not seem to be materially prejudiced by Plaintiff's conduct. Indeed, "allegations of inconsistency, non-disclosure, [and] even falseness, can be brought to the jury's attention through cross-examination or impeachment." Hughes v. Matchless Metal Polish Co., No. 2:04-CV-485-FTM 29DN, 2007 WL 2774214, at *3 (M.D. Fla. Sept. 24, 2007) (quoting Gehrmann v. City of Orlando, 962 So. 2d 1059, 1062 (Fla. 5th DCA 2007)). As such, Plaintiff's inconsistencies and nondisclosures do not warrant the extreme sanction of dismissal with prejudice in a case such as this, where "there is no clear evidence on the record of an intent to defraud the Court." See McCarthy, 2008 WL 2517129, at *2–3. Therefore, Defendants' Motion is due to be denied. However, if evidence that Plaintiff has committed a fraud on the Court comes to light, Defendants may file a renewed motion.

Accordingly, it is hereby

**ORDERED:**

Defendants' Earlondez Donta Bond and McCormick Trucking Inc.'s Joint Motion for Fraud on the Court (Doc. 75) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record

- 6 -