UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HELEN DIANE MATZ,

      Plaintiff,

vs.                                  Case No.  3:25-cv-397-MMH-LLL

EARLONDEZ DONTA BOND and
MCCORMICK TRUCKING, INC.,

      Defendants.

                                      /

## ORDER

**THIS CAUSE** is before the Court on Defendant, Earlondez Donta Bond's

Consent Motion for Summary Judgment as to Count II of the Amended

Complaint (Doc. 77; Bond's Motion), filed March 2, 2026, and Defendant

McCormick Trucking, Inc.['s] (McCormick) Motion for Partial Summary

Judgment as to Count IV of Plaintiff's Amended Complaint, and Incorporated

Memorandum of Law in Support (Doc. 81; McCormick's Motion), filed March 2,

2026. As to Bond's Motion, Plaintiff, Helen Diane Matz, did not file a response,

and the time for doing so has passed. See Local Rule 3.01(d), Local Rules of the

United States District Court for the Middle District of Florida. And Bond

represents that his motion is unopposed. See Bond's Motion at 2, 8. As to

McCormick's Motion, Matz filed her Response in Opposition to Defendant

McCormick Trucking, Inc.'s Motion for Partial Summary Judgment as to Count IV (Doc. 97; Response) on March 30, 2026. Accordingly, these matters are ripe for review.

## I.   Background[1]

On March 14, 2022, Matz, who was driving a motor vehicle, and Bond, who was driving a tractor-trailer owned by McCormick, were involved in an accident on I-10 in Columbia County, Florida. See Amended Complaint (Doc. 39), filed June 24, 2025, ¶¶ 7, 8, 22, 23; Defendant McCormick Trucking, Inc.'s Answer and Affirmative Defenses [to] Plaintiff's Amended Complaint (Doc. 40; McCormick's Answer), filed July 7, 2025, ¶¶ 7, 8, 22, 23; Remote Deposition of: Earlondez Donta Bond (Doc. 81-3; Bond's Deposition), filed March 2, 2026, at 12–13. In her Amended Complaint, Matz asserts several claims stemming from this accident. See generally Amended Complaint. Specifically, as to McCormick and Bond, Matz alleges (1) that Bond was negligent in his operation of the tractor-trailer, id. ¶¶ 10–13, (2) that Matz is entitled to punitive damages because Bond was impaired at the time of the accident, id. ¶¶ 14–19, (3) that McCormick is vicariously liable for Bond's negligence, id. ¶¶ 20–27, and (4) that McCormick was negligent in its hiring, retention, and supervision of

---

[1] For the purpose of resolving the Motion, the Court views all disputed facts and reasonable inferences in the light most favorable to Plaintiff, Helen Diane Matz. However, the Court notes that these facts may differ from those that can ultimately be proved at trial. See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).

Bond, id. ¶¶ 28–53.

## II.    Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[2] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere

---

[2] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 Advisory Committee's Note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent, but that they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Est. of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). For the moving party to meet its initial burden, it may "point out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Gonzalez v. Lee Cnty. Housing Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)) (alteration omitted). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (citations omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. "If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect

- 4 -

to which she has the burden of proof,' then the court must enter summary judgment for the moving party." <u>Gonzalez</u>, 161 F.3d at 1294 (quoting <u>Celotex</u>, 477 U.S. at 323). In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir. 1995) (citing <u>Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro</u>, 38 F.3d 1571, 1578 (11th Cir. 1994)).

### III.    Discussion

Bond moves for summary judgment as to Count II, asserting that there is no evidence showing that he was impaired at the time of the accident. <u>See</u> Bond's Motion at 2, 6. And McCormick moves for summary judgment as to Count IV, contending that it fails as a matter of law and that there is no evidence to support it. <u>See</u> McCormick's Motion at 4. Upon review, the Court finds that both Bond's Motion and McCormick's Motion are due to be granted. As such, Bond is entitled to judgment in his favor as to Count II, and McCormick is entitled to judgment in its favor as to Count IV.

### A. Count II: Punitive Damages Claim Against Bond

In Count II, Matz asserts a claim for punitive damages against Bond. <u>See</u> Amended Complaint ¶¶ 14–19. Bond argues that he is entitled to summary judgment as to this count because there is no evidence to support the allegation that he "operated the tractor-trailer in question while impaired, in a state of

intoxication, or otherwise under the influence of alcohol, drugs, and/or controlled substances," Amended Complaint ¶ 15. See Bond's Motion at 2, 6. Notably, Matz has not filed any response in opposition to Bond's Motion, and Bond represents that Matz consents to the entry of summary judgment as to Count II. See id. at 2, 8. However, a "district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). As such, the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). In doing so and for the reasons below, the Court finds that Bond's Motion is due to be granted.

As an initial matter, the Court finds that Count II is due to be dismissed because Matz improperly pled her punitive damages claim as a stand-alone count. "[A] claim for punitive damages is not a separate, freestanding cause of action . . ., but is rather a remedy that can be sought based on any properly pled cause of action." SE Prop. Holdings, LLC v. Welch, 65 F.4th 1335, 1349 (11th Cir. 2023) (quoting Soffer v. R.J. Reynolds Tobacco Co., 187 So. 3d 1219, 1229 (Fla. 2016)); Robertson v. Antoine, 423 So. 3d 910, 915 (Fla. 4th DCA 2025) (noting that it is impermissible to plead a stand-alone claim for punitive damages because "there is no separate cause of action for punitive damages");

Keen v. Jennings, 327 So. 3d 435, 438–39 (Fla. 5th DCA 2021) ("There is, however, no separate and distinct cause of action for punitive damages. '[R]ather it is auxiliary to, and dependent upon, the existence of an underlying claim.'" (citation omitted)). Accordingly, because a claim for punitive damages is not a freestanding cause of action, summary judgment is appropriate as to Count II.

Even construing Matz's request for punitive damages as tied to her negligence claim in Count I,[3] summary judgment would still be proper. To recover punitive damages under Florida law, a plaintiff must prove by clear and convincing evidence "that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2) (2026); see also Sowers v. R.J. Reynolds Tobacco Co., 975 F.3d 1112, 1133 (11th Cir. 2020). The statute instructs that "'[i]ntentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." Fla. Stat. § 768.72(2)(a). In addition, "'[g]ross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a

---

[3] It appears that Matz intended her punitive damages claim to be tied to her negligence claim against Bond in Count I. Not only does Matz incorporate the allegations of Count I in Count II, see Amended Complaint ¶ 14, but Count I is the only other claim Matz asserts against Bond, see generally id.

conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." Fla. Stat. § 768.72(2)(b). Significantly, "Florida courts have held that intoxication while driving may constitute a basis for a punitive damages award." See Amazulu Transport, Inc. v. Dinkins, 407 So. 3d 540, 542 (Fla. 6th DCA 2025); Ingram v. Pettit, 340 So. 2d 922, 924 (Fla. 1976) (holding that "juries may award punitive damages where voluntary intoxication is involved in an automotive accident").

Here, Bond points to an absence of evidence in the record showing that he was impaired at the time of the accident. See generally Bond's Motion. Notably, Matz bears the burden of proof on this element of her claim for an award of punitive damages. See Sowers, 975 F.3d at 1133. Yet, because she does not substantively respond to Bond's Motion, Matz fails to come forward with any arguments or evidence supporting a finding that Bond was impaired at the time of the accident or that he was otherwise engaged in intentional misconduct or gross negligence. Matz cannot simply rely on her allegation in the Amended Complaint to avoid summary judgment against her. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). And the Court is not obligated to search the record for facts or evidence not brought to its attention. See Duckworth v. Pilgrim's Pride Corp., 764 F. App'x 850, 855 n.1 (11th Cir. 2019); see also Rule 56(c)(3) ("The Court need consider only the cited materials . . .."). As such, the Court finds that Bond's Motion is due to be granted. Indeed,

the Supreme Court has instructed that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 323. The Celotex Court explained that "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. Because Matz "has failed to make a sufficient showing on an essential element of her [claim for punitive damages] with respect to which she has the burden of proof," the Court finds that Bond is entitled to judgment as a matter of law on that claim. Id.

In sum, because a claim for punitive damages is not a separate claim, summary judgment is appropriate as to Count II. And, because Matz has failed to present evidence supporting an award of punitive damages arising from the claim in Count I, summary judgment is due to be entered in favor of Bond as to any claim for punitive damages.

**B. Count IV: Negligent Hiring, Retention and Supervision Claim Against McCormick[4]**

McCormick contends that it is entitled to partial summary judgment as to Count IV of the Amended Complaint because (1) it is undisputed that Bond acted within the course and scope of his employment and, thus, Count IV fails as a matter of law, and (2) there is no evidence to support Matz's claims in Count IV. See McCormick's Motion at 4. Upon review, Matz's claims for negligent hiring and negligent retention and supervision against McCormick fail as a matter of law.[5] As such, the Court need not reach, and does not address, the parties' arguments as to whether there is evidence to support Matz's claims in Count IV.

---

[4] Negligent hiring and negligent retention and supervision claims are "different causes of action with distinct elements requiring separate findings." See Finch v. Carnival Corp., 701 F. Supp. 3d 1272, 1283 (S.D. Fla. 2023). As such, Matz should have pleaded these claims in separate counts. See Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").

The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[5] The parties appear to understand Count IV as including a negligent training claim. See McCormick's Motion at 8; Response at 1. Yet, Matz does not appear to have alleged a claim for negligent training in the Amended Complaint. See generally Amended Complaint ¶¶ 28–53. Notably, Eleventh Circuit precedent precludes a plaintiff from amending her complaint through argument at the summary judgment phase of proceedings. See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1228 (11th Cir. 2013). And, even if Matz had alleged a claim for negligent training, it would fail as a matter of law because Bond was within the course and scope of employment at the time of the accident, see Amended Complaint ¶¶ 23, 28. See Gabor v. Remington Lodging & Hosp., LLC, 413 So. 3d 261, 265 (Fla. 5th DCA 2025) (noting that a claim for negligent training against an employer must be based on actions performed outside the employee's course and scope of employment).

Under Florida law, a prima facie claim of negligent hiring requires a plaintiff to show

> (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

Int'l Security Mgmt. Grp., Inc. v. Rolland, 271 So. 3d 33, 49 (Fla. 3d DCA 2018) (quoting Malicki v. Doe, 814 So. 2d 347, 362 n.15 (Fla. 2002)). Separately, "[t]o state a cause of action for negligent supervision or negligent retention under Florida law, the claimant must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach." Atmore v. City of Lake Wales, No. 8:08-cv-2320-T-27EAJ, 2009 WL 10670908, at *3 (M.D. Fla. Dec. 1, 2009) (quoting Albra v. City of Ft. Lauderdale, 232 F. App'x 885, 888 (11th Cir. 2007)). To establish the employer's negligence, a plaintiff must show that "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." See Groover v. Polk Cnty. Bd. of Comm'rs, 460 F. Supp. 3d 1242, 1251 (M.D. Fla. May 8, 2020) (quoting Degitz v. S. Mgmt. Servs., Inc., 996 F. Supp. 1451, 1461 (M.D. Fla. 1998)). Importantly, "[u]nder Florida law, a claim

for negligent hiring, retention, or supervision requires that an employee's wrongful conduct be committed outside the scope of employment." Buckler v. Israel, 680 F. App'x 831, 834 (11th Cir. 2017) (citing Mallory v. O'Neil, 69 So.2d 313, 315 (Fla. 1954)); see also Gabor, 413 So. 3d at 265 (concluding that the trial court erred in failing to grant a directed verdict in favor of a defendant employer on claims for negligent supervision and negligent training because there was no evidence that its employees acted outside the course and scope of their employment);[6] Delaurentos v. Peguero, 47 So.3d 879, 882 (Fla. 3d DCA 2010) ("Where, as here, a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superior and not on the basis that the employer was negligent.").

Here, it is undisputed that Bond was acting within the course and scope of his employment with McCormick at the time of the accident. See Amended Complaint ¶¶ 23, 28; McCormick's Answer ¶¶ 23, 28; Bond's Deposition at 12–13; see also McCormick's Motion at 5; Response at 2. Indeed, Matz herself

---

[6] Matz attempts to distinguish Gabor by pointing out that, in Gabor, a jury found that the defendant employee was not negligent. See Response at 5–6. But this distinction is immaterial here. Indeed, Matz overlooks the fact that the defendant employer was entitled to a directed verdict in its favor specifically because the plaintiff failed to present any evidence that the employees' actions "were done outside the course and scope of their respective employment." See Gabor, 413 So. 3d at 265. Thus, regardless of whether the employee would have been found to be negligent, the plaintiff's claims for negligent supervision and negligent training against the employer failed. See id. Likewise, regardless of whether Bond may be found to have been negligent, Matz's claims for negligent hiring and negligent retention and supervision against McCormick fail as well.

alleges that Bond was acting within the course and scope of employment at the time of the accident. See Amended Complaint ¶¶ 23, 28. And, in her Response, Matz does not point to any evidence showing that Bond acted outside the course and scope of his employment.[7] See Response at 5–7. As such, the negligent employment claims in Count IV fail as a matter of law, and McCormick is entitled to summary judgment in its favor.

Accordingly, it is

**ORDERED:**

1. Defendant, Earlondez Donta Bond's Consent Motion for Summary Judgment as to Count II of the Amended Complaint (Doc. 77), filed March 2, 2026, is **GRANTED**.

2. Defendant McCormick Trucking, Inc.['s] Motion for Partial Summary Judgment as to Count IV of Plaintiff's Amended Complaint, and

---

[7] Matz's arguments in opposition to McCormick's Motion miss the mark. For example, instead of arguing that Bond acted outside the course and scope of his employment at the time of the accident, Matz argues that there are "factual disputes over whether McCormick itself" was negligent. Response at 6–7. But a factual dispute as to whether McCormick itself was negligent would not defeat summary judgment here. Even if McCormick was negligent (which the Court does not address or decide), it cannot be held liable for the negligent employment claims in Count IV if Bond acted within the course and scope of his employment. See Gabor, 413 So.3d at 265; Buckler, 680 F. App'x at 834. Additionally, Matz argues that "under Florida's comparative fault system, [Matz] is entitled to have all potential parties whose negligence was a legal cause" of the accident. See Response at 6. But Florida's comparative fault system does not change the fact that Matz's negligent employment claims fail as a matter of law, entitling McCormick to judgment in its favor. As such, Matz's arguments are unavailing.

- 13 -

Incorporated Memorandum of Law in Support (Doc. 81), filed March 2, 2026, is **GRANTED**.

3. The Court defers entry of judgment pending resolution of the claims remaining in this action.

4. In light of this Order, Plaintiff and Defendants are **directed** to confer on Defendants' Daubert Motion Regarding Plaintiff's Expert Bobbi Joe Hill and Incorporated Memorandum of Law in Support (Doc. 79; Hill Daubert Motion), filed March 2, 2026. On or before **July 8, 2026**, the parties shall file a joint notice indicating whether the Hill Daubert Motion remains pending before the Court.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of June 2026.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Counsel of Record